**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** ***a minor, by and through her Guardian by Mary Doe,*** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO. 1:26-cv-00502-ALT** |
| **FORT WAYNE COMMUNITY SCHOOLS BOARD OF SCHOOL TRUSTEES,** ***et al.*****,** | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Plaintiff Jane Doe, a minor, by and through her legal guardian Mary Doe sued Defendants Fort Wayne Community Schools Board of Trustees, Fort Wayne Community Schools, David West, North Side High School, Mark Daniel, and Noah Smith, alleging Plaintiff was sexually assaulted on the premises of North Side High School in Fort Wayne, Indiana, by a fellow student between February 1, 2026, and February 3, 2026. (ECF 1, 10). Now before the Court are two motions filed by Plaintiff on September 17, 2026, and October 8, 2026, seeking leave to proceed anonymously in this litigation under the pseudonyms "Jane Doe" for Plaintiff and "Mary Doe" for Plaintiff's legal guardian. (ECF 5, 8).[1] Plaintiff asserts that her status as a minor and an alleged victim of sexual assault outweigh the presumption of open access to court records and that disclosure of the name or initials of either Plaintiff or Plaintiff's guardian would risk identification of Plaintiff, causing her significant emotional and psychological harm. (ECF 5

[1] The motions are largely duplicative.

at 1, 3). Defendants have not responded to the September 17, 2026, motion, and their time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d)(3)(A).

"The norm in federal litigation is that all parties' names are public." *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 491 (7th Cir. 2024) (citations omitted). "Judicial proceedings are open to the public, which has an interest in knowing the who and the how about the behavior of both judges and those who call on the large subsidy of the legal system." *Id.* "The presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff … exceeds the likely harm from concealment." *Doe v. City of Chi.*, 360 F.3d 667, 669 (7th Cir. 2004) (citations omitted). Even if there is no objection, a court "has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceedings in federal courts." *Doe v. Trs. of Ind. Univ.*, No. 1:12-cv-1593, 2013 WL 3353944, at *3 (S.D. Ind. July 3, 2013). As such, "the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (7th Cir. 2008).

Courts have developed several factors to be considered as part of this balancing test. These non-exhaustive factors include:

> (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced.

*Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017) (citations omitted); *see also Sealed Plaintiff*, 537 F.3d at 189-90. Additionally, the involvement of a minor in a suit is an "important" and "significant" factor in favor of granting anonymity. *P.D. v. Carroll Consol. Sch. Corp.*, 820

F. Supp. 2d 907, 909 (N.D. Ind. 2011); *see Doe ex rel. Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 724 (7th Cir. 2011) ("It also is significant that children are involved in the suit … such a risk to children is particularly compelling." (citations omitted)), *opinion vacated on other grounds on rehearing en banc*, 687 F.3d 840 (7th Cir. 2012); *Doe v. Trs. of Ind. Univ.* 101 F.4th at 491 ("One justification for anonymity is youth."). Other factors include "whether there are less drastic means of protecting legitimate interests of either the party seeking anonymity or the opposing party, ... whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity and whether the plaintiff's identity has thus far been kept confidential." *Doe v. Purdue Univ.*, 321 F.R.D. at 341 (citation omitted).

In her Amended Complaint, Plaintiff Jane Doe, a minor, alleges that she was sexually assaulted on school grounds by a fellow student. (ECF 10 ¶ 1). Plaintiff believes that her public identification would expose her to "substantial social stigma, emotional distress, and potential psychological harm" due to the "harmful effects of public exposure, including bullying, social ostracism, and long-term emotional damage." (ECF 5 at 3). Plaintiff further asserts that public identification could subject her to "re-traumatization, harassment, and lifelong stigma." (ECF 8-1 at 1).

Application of the factors in the instant case weighs in favor of maintaining Jane Doe's anonymity, excluding the third factor which is not applicable in this case. Plaintiff is challenging governmental actions and inactions by the public school and its officials regarding Plaintiff's alleged sexual assault by a fellow student, which involves disclosure of information of the utmost intimacy. *See Doe v. Purdue Univ.*, 321 F.R.D. at 341. Plaintiff has identified multiple serious possible harms that could result from disclosure of her identity. The prejudice to Defendants is limited, if any, because Defendants already know the identities of Jane Doe and

Mary Doe. (ECF 8-1 at 5); *see Doe v. Bd. of Trs. of the Univ. of Ill.*, No. 19-CV-1107, 2020 WL 13883397, at *2 (C.D. Ill. Apr. 13, 2020) (finding no prejudice to the defendants in allowing the plaintiff to proceed anonymously because the defendants already knew the plaintiff's identity and had access to her school records). Indeed, Defendants have not opposed Plaintiff's motions. Furthermore, "[P]laintiff is particularly vulnerable to the possible harms of disclosure … in light of [her] age." *Sealed Plaintiff*, 537 F.3d at 190.

The Court also finds there are no less drastic measures to protect Plaintiff's anonymity. The complaint identifies the school, dates, and details of the alleged assault, and thus, disclosure of even Plaintiff's initials could make Plaintiff's true identity determinable and thereby risk the foregoing possible harms. There is no evidence that Plaintiff's identity has been disclosed to date, and Plaintiff and her guardian have proceeded under pseudonyms in this litigation.

Having balanced the factors, the Court finds that the risk to Jane Doe's health and safety, if identified by name, outweighs the public's interest in judicial openness and overcomes the presumption against anonymous litigation. Therefore, Jane Doe's motion to proceed anonymously will be granted.

The Court next turns to the anonymity of Plaintiff's guardian Mary Doe. Courts have granted anonymity to parents of minor plaintiffs in a number of cases involving a variety of sensitive topics and used the same factors in considering anonymity of the parent. *See Doe ex rel. Doe*, 658 F.3d at 724 (upholding the district court's decision allowing parents to proceed anonymously in a First Amendment challenge against holding a public high school graduation ceremony in a church, explaining that "[i]dentifying these adult plaintiffs also would expose the identities of their children"); *L.W. v. IPS*, No. 1:23-cv-01991-TWP-MJD, 2023 WL 8237023 (S.D. Ind. Nov. 28, 2023) (discrimination on the basis of race and disability); *J.C.1 v. MSD*

*Decatur Twp.*, No. 1:23-cv-1021-JMS-MJD, 2023 WL 528957 (S.D. Ind. Aug. 17, 2023) (discrimination on the basis of a hearing disability); *Doe I v. So. Madison Cmty. Sch. Corp.*, No. 1:24-cv-00476-SEB-KMB, 2024 WL 4476294 (S.D. Ind. Oct. 11, 2024) (sexual assault). Other times, they have not, such as in *E.A. v. Gardner*, where the Seventh Circuit declined anonymity to an adult plaintiff for the benefit of his children because the child custody dispute had already been made public in other court filings. 929 F.3d 922, 926 (7th Cir. 2019).

Here, the factors likewise weigh in favor of Mary Doe remaining anonymous. If Mary Doe was required to proceed by her legal name in this lawsuit, the identity of the minor child, Jane Doe, would be easily discovered. *See S. Madison Cmty. Sch. Corp.*, 2024 WL 4476294, at *3. And given the complaint identifies the school, date, and details of the alleged assault, identification of the initials of Mary Doe, as Jane Doe's legal guardian, could also risk identification of Jane Doe and thereby risk her health and safety.

Therefore, Plaintiff's motions to allow herself and her legal guardian to proceed by the pseudonyms Jane Doe and Mary Doe (ECF 5, 8) are GRANTED. The parties are ORDERED not to publicly disclose the actual names of Jane Doe and Mary Doe without first obtaining leave of Court to do so. Plaintiff is ORDERED to file under seal by October 22, 2026, a reference list that maps the pseudonyms "Jane Doe" and "Mary Doe" to the actual names of Plaintiff and her guardian. The Clerk is DIRECTED to continue to use the names "Jane Doe" and "Mary Doe" on the docket until further order of the Court.

SO ORDERED.

Entered this 15th day of October 2026.

/s/Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge